UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JASMINE KAISER, ) | |
| ) | CASE NO. C15-0842RSM |
| Plaintiff, ) | |
| ) | |
| v. ) | ORDER DENYING DEFENDANT'S |
| ) | MOTION TO ENFORCE |
| CSL PLASMA INC., a corporation, ) | |
| ) | |
| Defendant. ) | |
| ) | |
| ) | |

## I.     INTRODUCTION

This matter comes before the Court on Defendant's Motion to Confirm and Enforce Settlement Agreement . Dkt. #45. Defendant argues that the parties entered into a binding settlement agreement, even though it has not yet been reduced to writing, and asks the Court to bind Plaintiff to the material terms of that agreement. *Id.* Plaintiff argues that the parties did not reach agreement on the confidentiality provision and therefore a settlement agreement was never reached and there is nothing to enforce. Dkt. #52. For the reasons discussed below, the Court agrees with Plaintiff and DENIES Defendant's motion.[1]

## II.     BACKGROUND

---

[1] Defendant has also filed a Motion for Protective Order, asking the Court to stay all discovery pending a resolution of this motion to enforce, and seeking to limit the scope of Plaintiff's requested 30(b)(6) deposition. Dkt. #48. In addition, Plaintiff has filed a Motion for Partial Summary Judgment asking the Court to dismiss Defendant's defense that this action has been settled, and dismissing Defendant's affirmative defenses of failure to state a claim, preemption and primary jurisdiction. Dkt. #50. These motions will be addressed in separate Orders.

ORDER
PAGE - 1

On April 27, 2015, Plaintiff filed a discrimination action in King County Superior Court against Defendants. Dkt. #1-1. Defendant removed the action to this Court on the basis of diversity jurisdiction. Dkt. #1.

In her Complaint, Plaintiff alleges that Defendant CSL Plasma Inc. operates and advertises a plasma center in Kent, Washington, where it pays individuals in exchange for plasma "donations." Dkt. #1-1 at ¶ 7. Plaintiff further alleges that she went to CSL Plasma intending to make a donation but was turned away because she is a transgender person. Dkt. #9. Plaintiff was apparently told that CSL Plasma had placed a "lifetime" deferment on any donation by Plaintiff, and that CSL Plasma would be notifying other, similar centers of the lifetime deferment, which essentially precluded her from ever "donating" her plasma at one of these centers. *Id.* As a result, Plaintiff filed the instant lawsuit alleging violations of Washington State's Consumer Protection Act (CPA), RCW 19.86.010 to .920, and the Washington Law Against Discrimination (WLAD), RCW 49.60.010 to .505. Through her suit, Plaintiff seeks the following relief:

> A. a monetary judgment against defendant CSL Plasma and in favor of Ms. Kaiser;
>
> B. declaratory relief pursuant to the Consumer Protection Act and the Washington Law Against Discrimination;
>
> C. injunctive relief pursuant to the Consumer Protection Act;
>
> D. exemplary damages, including exemplary damages under RCW 19.86;
>
> E. an award of attorney fees and costs to the extent authorized by Washington law, including the Washington Law Against Discrimination and the Consumer Protection Act; and
>
> F. such other relief as the Court deems just and proper.

Dkt. #1-1 at 4, *Prayer for Relief*.

ORDER
PAGE - 2

On August 17, 2015, this Court remanded this matter back to King County Superior Court after finding that Defendant had failed to demonstrate by a preponderance of the evidence that the minimum amount in controversy requirement for subject matter jurisdiction had been met. Dkt. #24. The case was then closed. *Id.*

On April 12, 2016, Defendant again removed the action to this Court. Dkt. #27. Defendant again alleged diversity jurisdiction as the basis of removal, but set forth new evidence of the requisite amount in controversy. *Id.* Removal was not challenged by Plaintiff, and the Court retained the case.

On or about November 2, 2106, the parties notified the Court that they had reached a settlement agreement and asked the Court to enter its standard Order of Dismissal. Dkt. #37. The Court entered its standard Order and again closed the matter. Dkt. #37. However, the Court's Order provided that "[i]n the event that the settlement is not perfected, any party may move to reopen the case, provided that such motion is filed within thirty (30) days of the date of this order." *Id.*

Just a few weeks later, on November 29, 2016, Plaintiff moved to reopen this case on the basis that the parties had not been able to perfect settlement. Dkt. #38. The motion was unopposed, and the Court re-opened the matter. Dkt. #40. The parties' pending motions followed.

### III.  DISCUSSION

Defendant has moved this Court for an Order confirming the parties' settlement agreement and enforcing the material terms therein. Dkt. #45. Settlement agreements are contracts which a federal court interprets by looking to the contract law of the state in which it

ORDER
PAGE - 3

sits. *Jeff D. v. Andrus*, 899 F.2d 753, 759 (9th Cir. 1990). To form a valid and enforceable contract in Washington, the parties must objectively manifest their mutual assent to the essential terms. *Yakima Cnty. Fire Prot. Dist. No. 12 v. City of Yakima*, 122 Wn.2d 371, 388, 858 P.2d 245 (1993). A party manifests assent to an agreement when the reasonable meaning of a person's words and acts, notwithstanding any subjective reservations or intent, indicates assent. *City of Everett v. Sumstad's Estate*, 95 Wn.2d 853, 854, 631 P.2d 366 (1981). The stated terms must be complete and definite enough for the Court to ascertain their meaning and to fix the parties' contractual liabilities. *Keystone Land & Dev. Co. v. Xerox Corp.*, 152 Wn.2d 171, 178, 94 P.3d 945 (2004). Parties can be bound by the agreement of their counsel even if the parties contemplated signing a more formal writing in the future. *Loewi v. Long*, 76 Wn. 480, 484, 136 P. 673 (1913); *Morris v. Maks*, 69 Wash. App. 865, 850 P.2d 1357 (1993).

In October and November of 2016, the parties engaged in a number of phone, email and letter negotiations regarding settlement. Dkt. #51, Exs. D-N.[2] The Court has reviewed the correspondence between the parties. Taking the evidence in the light most favorable to Plaintiff, the Court finds that counsel for the parties agreed to a specific monetary amount to be paid to Plaintiff to resolve her claims. Dkt. #51, Ex. F. Indeed, the correspondence evidences that the monetary amount of the settlement was the initial focus of the discussions. *See* Dkt. #51, Exs. C-F.

It is also true that the parties generally agreed that any settlement would be reduced to a written document that would contain:

> a confidentiality provision, release of all claims by Ms. Kaiser, a stipulation of dismissal with prejudice of the action on the merits, without attorney's

---

[2] These exhibits are largely duplicative of those offered by Defendant in support of its Motion to Enforce. *See* Dkt. #49, Ex. A-E. For ease of reference, the Court cites to only one set of Exhibits.

ORDER
PAGE - 4

>fees or costs to either party, and other such customary terms that are included in settlement agreements.

Dkt. #51, Ex. E.  However, those terms were not discussed in detail until after the parties had agreed on the monetary amount.  Indeed, on October 25, 2016, Plaintiff's counsel conveyed that his client would accept the monetary payment, raised a question about securing a copy of Defendant's new donation policy, and asked for a draft settlement agreement in writing.  *Id.*, Ex. G.  The discussion of the policy led to a dispute about confidentiality and what was expected of Plaintiff and any discussion of her claims as part of the settlement.  *Id.*, Exs. G-N.

On this record, the Court finds that neither Plaintiff's actions nor her words manifested any intent to accept the confidentiality agreement proposed by Defendant.  Further, Defendant clearly has not accepted the proposed exception to the confidentiality agreement from Plaintiff.  *Id.*  Contrary to Defendant's assertions, this situation is different from that discussed in *Amini v. Bank of Am. Corp.*, 2014 U.S. Dist. LEXIS 56050, *6-11 (W.D. Wash. Apr. 7, 2000).  In that case, the Court found that there was evidence the parties had agreed to six specific terms of settlement prior to reducing any agreement to writing, and the parties were therefore held to those terms.  Likewise, this case is distinguishable from *Kruger v. Credit Int's Corp.*, 2012 U.S. Dist. LEXIS 60278 (W.D. Wash. Apr. 30, 2012).  While the Court found that a binding contract occurred prior to any written draft of the agreement, the Court made such a determination on the basis that the evidence demonstrated no material terms were in dispute and the proposal at issue had specifically been discussed and assented to prior to the drafting of a written agreement.  *Kruger*, 2012 U.S. Dist. LEXIS 60278 at *7-10.  That is not the situation in the instant matter.

ORDER
PAGE - 5

## IV. CONCLUSION

Having reviewed the relevant pleadings, the declarations and exhibits attached thereto, and the remainder of the record, the Court concludes that no enforceable settlement agreement between the parties has been reached, and hereby ORDERS that Defendant's Motion to Enforce (Dkt. #45) is DENIED.

DATED this 24th day of February 2017.

_____
RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE